

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00223-CV

| | | |
|---|---|---|
| Lurea Hornbuckle | § | From County Court at Law No. 1 |
| v. | § | of Tarrant County (2012-002389-1) |
| Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP f/k/a Country Wide Home Loans Servicing, LP | § | February 7, 2013 |
| | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

It is further ordered that appellant Lurea Hornbuckle shall pay all costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00223-CV

LUREA HORNBUCKLE                                                      APPELLANT

V.

BANK OF AMERICA, N.A.                                                  APPELLEE
SUCCESSOR BY MERGER TO
BAC HOME LOANS SERVICING,
LP F/K/A COUNTRY WIDE HOME
LOANS SERVICING, LP

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court signed a judgment of possession in this case in favor of Appellee Bank of America, N.A. on May 24, 2012. Proceeding pro se, Appellant Lurea Hornbuckle filed notice of this appeal five days later. On July 31, the trial court clerk advised this court that Hornbuckle had not made arrangements to pay

---

[1]*See* Tex. R. App. P. 47.4.

for the clerk's record on appeal, and the clerk of this court notified Hornbuckle by letter on August 1 that her appeal would be dismissed for want of prosecution if she did not make arrangements to pay for the clerk's record. Hornbuckle provided proof of payment for the clerk's record on August 13, and the appeal proceeded.

On September 27, the court reporter advised this court that Hornbuckle had requested but had not made arrangements to pay for the reporter's record. This court thus advised Hornbuckle by letter that same day that we would consider and decide those issues not requiring a reporter's record unless she presented proof of payment for the reporter's record by October 8. Hornbuckle failed to do so, and we notified Hornbuckle by letter that her brief would be due on November 12 but that the court would only consider and decide those issues that did not require a reporter's record.

By motion filed November 5, Hornbuckle requested an extension of time to file her appellant's brief. This court granted the motion in part and ordered that Hornbuckle's brief be filed on or before December 12.

By motion filed December 6, Hornbuckle sought another extension of time to file her appellant's brief but also requested other forms of relief including requests for consolidation of this appeal with an ongoing trial court proceeding and for supplementation of the appellate record "to allow appellants to produce chain of title proving ownership of property, and for appellees to prove legal interest in property with relevant documents." This court granted Hornbuckle's

3

motion in part on December 13, granting an extension of time for filing an amended brief but denying all other relief requested.

The December 13 order noted that Hornbuckle had filed her initial brief on December 12, and the order specifically listed the numerous deficiencies within the brief, noting its noncompliance with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.4(h), 38.1(a), (c), (d), (f), (g), (i), (k). The December 13 order granted Hornbuckle an extension of time until January 7, 2013, to file an amended brief in compliance with the rules of appellate procedure and this court's local rules. The order also advised Hornbuckle that her failure to do so could result in the striking of her brief, the waiver of noncomplying issues, or the dismissal of the appeal.

Hornbuckle filed an amended brief on January 7, but the amended brief also did not comply with rule of appellate procedure 38.1 in that it did not include record references, a clear and concise argument for the contentions made, or a compliant appendix. *See* Tex. R. App. P. 9.4(h), 38.1(d), (g), (i), (k). In short, a review of Hornbuckle's amended brief reveals that it is defective in substance and form and fails to present arguments that will enable this court to decide the case. *See* Tex. R. App. P. 38.9(a), 42.3; *see also Mendoza v. Fiesta Mart, Inc.*, No. 02-12-00324-CV, 2013 WL 260923, at *1 (Tex. App.—Fort Worth Jan. 24, 2013, no pet. h.) (mem. op.) (striking appellant's amended, noncompliant brief and dismissing appeal).

4

Rule 38.9 provides that "substantial compliance" with the briefing rules is required. Tex. R. App. P. 38.9. If an appellate court determines that the briefing rules have been flagrantly violated as to form, the court may require the appellant to amend, supplement, or redraw her brief. Tex. R. App. P. 38.9(a). If the appellant files another brief that does not comply, the court may strike the brief, prohibit the party from filing another, and proceed as if the party did not file a brief. *Id.*

Accordingly, because this court has informed Hornbuckle of the substantial defects in her brief and has provided multiple extensions of time to file a compliant brief, and because Hornbuckle has failed to file an amended brief that substantially complies with the requirements of rule 38 or that presents arguments that will enable this court to decide her appeal, we strike each of Hornbuckle's briefs and dismiss this appeal. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(c), 43.2(f); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.).

Appellant shall pay all costs of this appeal, for which let execution issue. *See* Tex. R. App. P. 43.4.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: February 7, 2013

5